

# THE ATTORNEY GENERAL
## OF TEXAS

September 25, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Mr. Henry B. Keene
Chairman
Board of Pardons and Paroles
P. O. Box 13401
Capitol Station
Austin, Texas 78711

Opinion No. JM-797

Re: Whether a full pardon is equivalent to a restoration of citizenship under section 24 of article 42.12, Code of Criminal Procedure

Dear Mr. Keene:

You state that the Texas Board of Pardons and Paroles is in need of answers to the following questions in determining "whether to change its rules, policy and practice of forwarding case recommendations to the Governor that individuals be restored to full civil rights of citizenship only."

> 1. Are a full pardon and restoration of full civil rights of citizenship synonymous as stated in H-587 and MW-270?
>
> 2. What is the current status of H-587? Has the Opinion been amended, clarified, overruled or distinguished?
>
> 3. What effect, if any, does the amendment to Section 24, Article 48.12 of the Texas Code of Criminal Procedure have on H-587?

You provide the following background information which prompted the board's questions:

> The Board seeks to clarify whether Attorney General Opinion H-587 (rendered on April 18, 1975) has been substantively changed or modified. H-587 held that there is no difference between the rights which are reinstated by a 'pardon' and the rights which are reinstated by a 'restoration citizenship' under Section 24, article 42.12 of the Texas Code of Criminal Procedure.
>
> In 1977, the legislature amended Section 24, article 42.12 of the Texas Code of Criminal

Procedure (which is now Section 17, Article 42.18) and deleted the reference to 'restoration of citizenship.' Another Attorney General Opinion was initiated through the then Attorney General Mark White. Attorney General Mark White in Opinion No. MW-270 dated November 12, 1980, reviewed H-587 stating in pertinent part:

> It is generally recognized that a pardon is effective to restore certain rights of citizenship . . . . This office has previously determined that there is no difference between the civil rights reinstated by a 'pardon' and a 'restoration of citizenship' under article 42.12, section 24 of the Texas Code of Criminal Procedure. See Attorney General Opinion H-587 (1975). Although section 24 of article 42.12 has been subsequently amended, and the reference to 'restoration of citizenship' has been deleted, we believe the legal effect of a pardon to be synonymous with a restoration of rights of citizenship.

> Pursuant to its rules and policy, the Board can recommend to the Governor that a prisoner be granted a full pardon and restoration of full civil rights of citizenship or restoration of full civil rights of citizenship only.

> . . . .

> Although H-587 was reviewed in MW-270, MW-270 did not adequately address and analyze the reasons for the 'belief that the legal effect of a pardon is synonymous with a restoration of rights of citizenship.'

You have furnished us with a copy of the relevant portions of the Rules of the Texas Board of Pardons and Paroles. Under its rule 143.2 (.002), "if the Board determines not to recommend to the Governor that the prisoner be pardoned, it may recommend to the Governor that the prisoner be restored to the full rights of citizenship."

Section 11 of article 4 of the Texas Constitution provides:

> In all criminal cases, except treason and impeachment, the Governor shall have power, after conviction, on the written signed recommendation and advice of the Board of Pardons and Paroles, or a majority thereof, to grant reprieves and commutations of punishment and pardons. . . .

By Acts 1965, 59th Leg., ch. 722, at 317, the Legislature carries forward in article 48.01 of the Texas Code of Criminal Procedure the exact wording quoted above from the constitution.

Prior to the 1977 amendment, section 24 of article 42.12 provided:

> Sec. 24.  Whenever any prisoner serving an indeterminate sentence, as provided by law, shall have served for twelve months on parole in a manner acceptable to the Board, it shall review the prisoner's record and make a determination whether to recommend to the Governor that the prisoner be pardoned and finally discharged from the sentence under which he is serving.
>
> When any prisoner who has been paroled has complied with the rules and conditions governing his parole until the end of the term to which he was sentenced, and without a revocation of his parole, the Board shall report such fact to the Governor prior to the issuance of the final order of discharge, together with its recommendation as to whether the prisoner should be restored to citizenship.

As amended by the acts of the 65th Legislature, section 24 stated:

> Sec. 24.  When any prisoner who has been paroled or released to mandatory supervision has complied with the rules and conditions governing his release until the end of the term to which he was sentenced, and without a revocation of his parole or mandatory supervision, the Board shall make a final order of discharge and issue the prisoner a certificate of discharge.

In 1985, section 24 was repealed and recodified as article 42.18, section 17 of the Texas Code of Criminal Procedure.  See Acts 1985, 69th Leg., ch. 427, §§1 and 2, at 1531, 1548 and 1554.

The amendment removed the provision relative to the board recommending restoration of citizenship and pardon to the governor. Under the amendment, the board has authority upon certain conditions having been met by the prisoner to "make a final order of discharge and issue the prisoner a certificate of discharge."  As heretofore noted, section 11 of article IV of the Texas Constitution and article 48.01 of the Texas Code of Criminal Procedure authorize the governor, on the written advice and recommendation of the Board of Pardons and Paroles, to grant a pardon.

We have been unable to find any reference to restoration of citizenship in the pardon and parole context in the constitution or statutes except as it appeared in section 24 of article 42.12 prior to the 1977 amendment. We are of the opinion that the amendment did not affect the validity of the conclusion reached in Attorney General Opinions H-587 and MW-270 that there is no difference between restoration of citizenship and pardon other than the status of the prisoner.

Attorney General Opinion H-587 cited Easterwood v. State, 31 S.W. 294 (Ct. Crim. App. 1895), where the court rejected appellants' complaint that the governor's pardon did not restore the citizenship of a member of the jury who had previously been convicted of theft. The court stated that the pardon had the effect of restoring him "to all his civil rights" and "his right of suffrage and competency as a juror."

In MW-270 it was pointed out that the restoration of the rights of citizenship as a result of a pardon is not to be confused with a franchise or privilege conferred by the state only for merit. The license to practice law and certification as a peace officer are given as examples of a privilege or a franchise conferred by the state on the basis of merit and not as a right of citizenship. It was concluded that a pardon, unless granted for subsequent proof of innocence, would not entitle a convicted felon to be certified as a peace officer.

We believe the meaning given the term "pardon" in the foregoing opinions follows the view expressed in other jurisdictions as reflected by the following text found in 67A C.J.S. Pardon and Parole:

> While a pardon has been held not to restore political privileges, as distinguished from civil rights, a full and unconditional pardon does restore to the offender the customary civil rights which ordinarily belong to a citizen, including the right to vote, as discussed in C.J.S. Elections §33 c, the right to serve on a jury, in C.J.S. Juries §142, and the right to be a witness, in C.J.S. Witnesses §68.

Id., §18, at 23.

> Where such right has been lost by conviction of a crime, a pardon has been held not to restore to the convicted person the right to practice a profession, or the right to a license which was revoked, either finally or with provision for reissuance on certain conditions, and a pardon does not preclude consideration of a criminal conviction in proceedings before a board empowered

with discretion to revoke professional licenses.
A pardon which does not remove the stigma of a
prior conviction does not authorize the grant of a
license which can be granted only to a person who
has a good reputation for honesty.

However, where the effect of a pardon is to
obliterate the conviction, a license cannot be
denied to a pardoned individual on the basis of
the conviction for which he was pardoned.

Id., §20, at 27.

Since the 1977 amendment of article 42.12, section 24 of the
Texas Code of Criminal Procedure (now article 42.18, section 17),
there is no statutory provision authorizing the Board of Pardons and
Paroles to recommend to the governor the restoration of citizenship
rights for a prisoner.

### S U M M A R Y

The terms "restoration of full rights of citi-
zenship" and "pardon" are synonymous except in
regard to the status of the prisoner. There is no
authority under the present statute for the Board
of Pardons and Paroles to recommend to the
governor that individuals be restored to full
rights of citizenship only.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General